UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD ALFRED TASKER,

    Plaintiff,

v.      Case No. 5:19-cv-545-TKW/MJF

NORTHWEST FLORIDA RECEPTION
CENTER and FLORIDA DEPARTMENT
OF CORRECTIONS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Richard Tasker has filed a civil rights complaint under 42 U.S.C. § 1983. Upon review of Tasker's complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Tasker's abuse of the judicial process in failing to disclose his litigation history completely and honestly.[1]

**I.    Background**

Tasker, DC# 056609, is an inmate of the Florida Department of Corrections confined at Graceville Correctional Facility in Graceville, Florida. Tasker's

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

complaint names two Defendants: the Northwest Florida Reception Center (NWFRC) and the Florida Department of Corrections (DOC). Although his handwriting is difficult to decipher, Tasker appears to allege that Defendants acted with deliberate indifference to his medical needs because employees at the NWFRC prescribed Tasker antibiotics that made him seriously ill and they left him handcuffed in the hallway of the infirmary for several hours. (Doc. 1 at 5-6). Plaintiff failed to allege when this purported misconduct occurred. As relief, he seeks "medication/surgery," and other medical care. He also seeks $25 million in damages.

## II. Discussion

### A. Screening for Maliciousness

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

**B.**     **<u>Tasker's Disclosures</u>**

Section IV of the complaint form utilized by Tasker asks litigants four questions that require disclosure of prior civil rights actions. On Page three of the civil rights complaint form, Question A asks, "Have you initiated other actions in

**state court** dealing with the same or similar facts/issues involved in this action?" Tasker indicated "No" and did not disclose any cases. (Doc. 1 at 3).

On the same page of the complaint form, Question B asks, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (*Id.*). Tasker indicated "No" and did not disclose any cases. (*Id.*).

On page four of the complaint form, Question C asks,

> Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Tasker marked "No," but he disclosed three small claims cases (complaints for replevin) he filed in the Leon County Court: 2015-SC-1054, 2015-SC-1680, 2016-SC-1054. Tasker disclosed no other cases.

Finally, Question D asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." Plaintiff indicated that he did not have any prior case dismissed for these reasons. He also did not identify any cases. (Id. at 4).

At the end of the civil rights complaint form, Tasker signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT**

**THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*Id.* at 7). Thus, Tasker has in effect stated that at the time he filed his complaint on or around November 12, 2019,[2] he had not initiated any other action in state or federal court that (1) related to the conditions of his confinement, or (2) was dismissed as frivolous, malicious, failing to state a claim, or prior to service.

### C. Tasker's Omissions

The court takes judicial notice that at the time Tasker filed his complaint in this case, he had initiated several other civil actions in federal court that he should have disclosed.[3] For the sake of brevity, the court discusses only three cases—Tasker's most recent case and two strikes:

(1) *Tasker v. Washington Corr. Inst.*, No. 5:18cv155-MCR-GRJ (N.D. Fla. Aug. 17, 2018) (a civil rights action <u>relating to the conditions of his confinement</u> at Washington CI, which was dismissed on August 17, 2018, prior to service, pursuant to Tasker's voluntary dismissal);

(2) *Tasker v. Dep't of Corr., et al.*, No. 6:11cv1586-GAP-GJK (M.D. Fla. Oct. 3, 2011) (a civil rights action Tasker filed <u>relating to the conditions</u>

---

[2] On page 7 of the complaint form, the final section states "If mailed by Prisoner: I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one) delivered to prison officials for mailing or deposited in the prisoner's mailing system on: the ____ day of _____, ___." Tasker filled in that he delivered the complaint to prison officials on November 12, 2019. Tasker crossed out the 12th, however. (Doc. 1 at 7).

[3] The undersigned discusses only Plaintiff's federal cases, because the list of state cases that he omitted is quite lengthy.

<u>of his confinement</u> at Tomoka Correctional Institution, which was <u>dismissed as frivolous</u> on October 3, 2011); and

(3) *Tasker v. Putnam Cty.*, No. 3:08cv1023-J-32MCR (M.D. Fla. Dec. 3, 2008) (a civil action Tasker filed <u>relating to the conditions of his confinement</u> at the Putnam County Jail, which was <u>dismissed for failure to state a claim upon which relief may be granted</u>).

All of the foregoing cases may be identified as Tasker's, because they bear his Department of Corrections inmate number 056609. Tasker did not disclose any of these cases (or any federal case, for that matter) in his complaint. Plaintiff's omissions, therefore, violated his duty of candor to this court.

### D.     <u>Materiality of Tasker's Omissions</u>

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888

F.2d 964, 969 (2d Cir. 1989). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Id.* at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Tasker falsely responded to questions on the complaint form as detailed above. Tasker knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1 at 3). A penalty is warranted both to deter the Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.    The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Tasker's false responses to go unpunished. If Tasker suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose

of the form. An appropriate sanction for Tasker's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[4] *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and abuse of the judicial process, because that course of action would entail no penalty. *See Hood*, 197 F. App'x at 819. Additionally, because Plaintiff's inmate trust account indicates that he has a

---

[4] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). Generally, the statute of limitations for claims under § 1983 of the type alleged by the Plaintiff is four years. *See Stephenson*, 554 F. App'x 838 ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Plaintiff has failed to allege when the incidents occurred. Thus, this court cannot determine whether the statute of limitations would bar Plaintiff from subsequently refiling this suit. Even if he were precluded, the undersigned has also reviewed whether less severe sanctions would sufficiently deter this conduct and has determine that they would not.

negative balance, (Doc. 3 at 5), the imposition of a fine would not deter Plaintiff from making future misrepresentations to the court. Insofar as Plaintiff is already incarcerated, a mere admonition or a finding of contempt would not deter the Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice, on the other hand, would serve as a warning to the Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

## III.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

**SO ORDERED** this 9th day of December, 2019.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, including the fact that the magistrate judge took judicial notice of court documents, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.